Michael P. Balaban State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER DELLORCO, SR., CHRISTOPHER DELLORCO, JR., CRISTEL ANDERSON AND AMANDA MAYR,

Plaintiff,

vs.

HENDERSON POLICE DEPARTMENT, a Political Subdivision of the City of Henderson; CITY OF HENDERSON, a Political Subdivision of the City of Henderson; SERGEANT CHRISTOPHER MONTANO; DETECTIVE DENNIS OZAWA; DETECTIVE JOSEPH EBERT; DETECTIVE DOUGLAS LYNAUGH; DETECTIVE MATTHEW KROOK; DETECTIVE KEVIN LAPEER; DOE OFFICERS I-X; DOE INDIVIDUALS I-X, and ROE CORPORATIONS I-V, inclusive, jointly and severally,

Defendants.

CASE NO.: 2:26-cv-00484-GMN-MDC

**SECOND AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**

**SPECIAL SCHEDULING REVIEW REQUESTED**

**DISCOVERY PLAN AND SCHEDULING ORDER- SPECIAL SCHEDULING REVIEW**

All parties of record participated in the meeting required under Fed. R. Civ. P. 26(f) which was held on September 2, 2026. The parties were represented by their respective counsel, Michael P. Balaban, Esq., represented Plaintiffs, and Brian Anderson, Esq., represented Defendants.

The parties filed their proposed discovery plan on September 9, 2026. (ECF No. 8). However, the Court rejected the proposed plan for deficiencies set forth in its September 11, 2026 Minute Order. (ECF No. 9). The parties subsequently submitted an Amended Stipulated Discovery Plan (ECF No. 10) to cure certain deficiencies identified by the Court's Minute Order. The Court denied the Amended Stipulated Discovery Plan for failure to properly address discovery dispute resolution. (ECF No. 12). This Second Amended Stipulated Discovery Plan revises paragraph 14 "Discovery Disputes" to comply with the Court's Standing Order.

Excusable neglect exists for the untimely submission of the parties' proposed discovery plan and scheduling order. Plaintiffs' counsel was under the mistaken impression that civil rights cases were exempt from the discovery plan requirement, unlike employment cases. Accordingly, Plaintiffs served written discovery on Defendants on August 27, 2026. The following day, Defendants' counsel notified Plaintiffs' counsel that Defendants objected to the written discovery as premature as Plaintiffs had not initiated the initial conference under LR 26-1. The parties held their initial conference the following week (September 2, 2026) and stipulated to the proposed discovery plan and scheduling order previously submitted to the Court.

Additionally, pursuant to the Court's February 26, 2026 Standing Order (ECF No. 4), Defendants anticipate asserting privilege and/or confidentiality protections related to discovery in this case as it relates to search warrants, with sealed affidavits, executed by law enforcement officers in relation to an open murder investigation. Defendants will provide a privilege log for any claims of privilege pursuant to Fed. R. Civ. P. 26(b)(5) and anticipate that certain disclosures will be made pursuant to a stipulated protective order. As discovery progresses, any supplemental discovery disclosures by Defendants may require supplementing the privilege log.

Pursuant to Fed. R. Civ. P. 26(f), the parties hereby stipulate to the following discovery plan and scheduling order:

This scheduling plan is longer than the default time outlined in LR 26-1(b) and as such, **SPECIAL SCHEDULING REVIEW IS REQUESTED**. The reason the parties are requesting special scheduling review is because the default time calls for using a discovery cut-off date 180 days after the first defendant appeared of March 31, 2026 (see below). Using this date would make the discovery cut-off date September 27, 2026, which would not give the parties sufficient time to complete discovery or other activities called for in the discovery plan and scheduling order.

Thus, the parties hereby stipulate to the following special scheduling discovery plan and scheduling order:

1. **Date that First Defendant Appeared**: **March 31, 2026**.

2. **Date to Exchange Initial Disclosures**: **September 18, 2026,** by stipulation of the parties in accordance with Fed. R. Civ. P. 26(a)(1)(C).

3. **Discovery Plan**:

A. **Methods of Discovery:**

The parties propose that they serve written discovery requests and take depositions, as follows:

i. Maximum Number of Interrogatories by Each Party: Standard.

ii. Time to Respond to Interrogatories: As permitted by the FRCP.

iii. Maximum Number of Requests for Admissions: Standard.

iv. Time to Respond to Requests for Admissions: As permitted by the FRCP.

v. Maximum Number of Depositions by Each Party: No Limitation.

vi. Limit on Length of Depositions: As permitted by the FRCP.

B. **Subjects of Discovery:**

The parties propose that discovery be conducted on all matters as allowed by the Federal Rules of Civil Procedures.

4. **Discovery Plan**: Discovery is needed on all claims and defenses by the Parties pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules of Practice.

5. **Discovery Cut-Off Date:** Discovery shall close on **March 1, 2027,** which is 180 days after the parties met pursuant to Fed. R. Civ. P. 26(f).

6. **Amendment of the Pleadings and Adding Parties**: The deadline for filing motions to amend the pleadings or to add parties shall be **December 1, 2026,** which is 90 days before the discovery cut-off.

7. **Expert Disclosures:**

i. The deadline to make initial expert disclosures shall be **December 31, 2026,** which is 60 days before the discovery cut-off date;

ii. The deadline to make rebuttal expert disclosures shall be **January 29, 2027**, which is 31 days after the deadline to make initial expert.

8. **Dispositive Motions**: The parties propose a deadline of **March 31, 2027**, to file dispositive motions, which does not exceed 30 days after the discovery cut-off date.

9. **Pre-Trial Order**: The deadline to file the Pre-Trial Order shall be **April 30, 2027,** which is 30 days after the dispositive motion deadline. In the event dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty (30) days *after* entry of the decision on the last such dispositive motion or further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto must be included in the Pre-Trial Order.

10. **Alternative Dispute Resolution:** The Parties certify that they have discussed the possibility of additional forms of alternative dispute resolution and might participate in some form of alternative dispute resolution in the future.

11. **Alternative Forms of Case Disposition**: The parties certify that they have considered consent to trial by a magistrate court and the use of the Short Trial Program but have declined to elect any alternative form of disposition at the present time.

12. **<u>Electronic Evidence</u>:** The parties have not reached any stipulation at this time but will work in good faith to provide discovery, to the extent possible, in an electronic format compatible with the court's electronic jury evidence display system.

13. **<u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>:** LR 26-3 governs the modification or extension of any deadline set by this Discovery Plan and Scheduling Order. Any motion or stipulation to extend any deadline set forth in the Discovery Plan and Scheduling Order must satisfy the requirements of LR IA 6-1, be supported by a showing of good cause for the extension and be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.

14. **<u>Discovery Disputes</u>:** Discovery disputes in this case shall be governed by the Court's Standing Order (ECF No. 4). Prior to filing a discovery motion, lead counsel for the parties will meet and confer in person, by videoconference, or telephone. If the dispute cannot be resolved informally after a good-faith effort, the parties will file a "Stipulation Regarding Discovery Dispute" that includes (1) a brief summary of the dispute; (2) a restatement of the full text of the discovery requests, or deposition question, and the responses to the requests; (3) a joint summary, not to exceed two pages, of the meet-and-confer efforts including a summary of discussions, the time, place, manner and participants, counsel certifications that the parties were unable to resolve or narrow the dispute without court intervention; (4) an explanation of the position taken by each side, not to exceed two pages; and (5) each party will make a proposal of compromise or resolution of the discovery (not to exceed two pages).

/ / /

/ / /

/ / /

15. **<u>Court Conference</u>:** If the Court has questions regarding the dates proposed by the parties, the parties request an opportunity for a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

LAW OFFICES OF MICHAEL P. BALABAN

/s/ Michael P. Balaban
Michael P. Balaban, Esq., SBN 9370
10726 Del Rudini St.
Las Vegas, NV 89141
Attorney for Plaintiffs

Dated: September 23, 2026

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON

/s/ Brian G. Anderson
Brian G. Anderson, SBN 10500
240 Water Street, MSC 144
Henderson, NV 89015
Attorney for Defendants

Dated: September 23, 2026

**<u>ORDER</u>**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
9-28-26